UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**WILLIAM TIMOTHY RYAN**
**SHERRI RYAN**,

Debtors.

Case No. **10-60925-13**

# MEMORANDUM OF DECISION

At Butte in said District this 6th day of August, 2010.

After due notice hearing was held at Missoula on August 5, 2010, on the motion to modify stay filed by Glacier Bank on June 22, 2010 (Docket No. 20). The Chapter 13 Trustee filed a consent. Debtors filed an objection and were represented at the hearing by attorney Jon R. Binney ("Binney"), and Debtor William Timothy Ryan testified. Debtors also called real estate broker William T. Leininger ("Leininger") to testify. Glacier Bank was represented at the hearing by attorney James C. Bartlett ("Bartlett"), and Glacier Bank officer Robert Taylor ("Taylor") testified. Exhibits ("Ex.") 1, 2, 3, 4, 5 and 6 were admitted into evidence. At the conclusion of the hearing the Court granted Glacier Bank's motion at the hearing, finding that cause exists under 11 U.S.C. § 362(d)(1) to modify the stay.

This Court has exclusive jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Glacier Bank's motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). This Memorandum of Decision includes the Court's findings of fact and conclusions of law for its decision granting Glacier Bank's motion to modify the stay.

1

**FACTS**

The Debtors reside at 101 Levi Court, Bigfork, Montana, in the Eagle Bend golf course development. Debtors signed a promissory note and trust indenture pledging their home as security to Glacier Bank as security for repayment of the note. Debtors purchased the home along with a membership to the Eagle Bend golf course, and William testified that the membership may be severed from lot ownership and is for sale.

Debtors filed their Chapter 13 bankruptcy petition and Schedules on April 26, 2010. Schedule D lists Glacier Bank as a creditor secured by a first mortgage in 101 Levi Court with a claim in the amount of $450,129, and a value securing the claim of $750,000. Flathead County Treasurer is listed as a statutory lien secured by the home in the amount of $14,981.88, which represents unpaid property taxes. A second mortgage is listed in the amount of $121,291 held by Nationstar Mortgage, LLC.

Nationstar filed Proof of Claim No. 4 asserting a secured claim in the amount of $135,716.69. Flathead County Treasurer filed Proof of Claim No. 17 asserting a secured claim for real estate taxes in the amount of $15,340.28. No objections have been filed to allowance of those claims and they are prima facie evidence of their validity and amount. F.R.B.P. 3001(f).

Debtors fell behind on their mortgage payments to Glacier Bank, and it filed its motion to modify stay on June 22, 2010, based upon 11 U.S.C. § 362(d)(1) for "cause" and § 362(d)(2). Glacier Bank filed Proof of Claim 1 on April 29, 2010, stating its claim in the amount of $478,434.30. Debtors filed an objection to Glacier Bank's motion, and filed a Chapter 13 Plan providing for the payment of Glacier Bank in full by sale of their home before April 25, 2012, with no payment to Glacier Bank until then. William testified that he will pay to insure the

home, and will pay post-petition real property taxes until the sale.  The Plan provides that if the home is not sold by April 25, 2012, the Debtors will vacate and surrender the property to Glacier Bank on that day.

William testified that he no longer is employed, and has ceased making mortgage payments to Glacier Bank.  He offers to pay Glacier Bank $10,000 from disposition of property in Great Falls, Montana, during the pendency of the Plan.

Debtors did not offer valuation testimony by a licensed appraiser.  Leininger is a real estate broker in the Flathead County area, and is employed by the Debtors to market and sell their home.  Leininger testified that the Debtors' home is currently listed for sale for $795,000, but his opinion of the value of 101 Levi Court ranges from $750,000 on the upper end to $615,000 on the lower end.  Leininger testified that he was comfortable that the Debtors' home can sell for $655,000 during the Plan term.  His commission is six percent (6%) of the sale price, and he testified that closing costs would be estimated at another 1%.

Leininger testified that the market for real property in Flathead County is a buyer's market.  He testified that a surplus inventory of residential homes exists, and that buyers are "sitting on their hands."  He estimated that there are between 35 and 40 homes listed for sale within a mile of the Debtors' home, and he testified that in his opinion the trends for the real estate market are "hitting bottom."

Taylor testified that the payoff for Glacier Bank's loan as of 4/15/2010 is $486,381.28.  Combining Glacier Bank's payoff with the second mortgage ($135,716.69) and property taxes ($15,340.28) gives a total of $637,438.25, without taking into account interest on the second mortgage or property taxes.

3

**DISCUSSION**

Under 11 U.S.C. § 362(g), a creditor has the burden of proving that a debtor does not have equity in property, while the debtor has the burden of proof on all other issues to show that the stay should not be modified. *In re Mittlestadt*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001); *In re National Environmental Waste* Corp., 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997); *In re Syed*, 238 B.R. 126, 132 (Bankr. N.D. Ill. 1999); *In re Sauk Steel Co., Inc.*, 133 B.R. 431, 436 (Bankr.N.D.Ill.1991); 11 U.S.C. § 362(g)(2).

> Under 11 U.S.C. § 362(a), "[a] bankruptcy filing imposes an automatic stay of all litigation against the debtor." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citing 11 U.S.C. § 362(a)), except in those cases specifically enumerated in § 362(b). The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives debtors a breathing spell from creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits debtors to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove them into bankruptcy. S.Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840-41.

*In re Mittlestadt*, 20 Mont. B.R. at 51 (quoting *In re Westco Energy, Inc.*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000)).

Glacier Bank's motion to modify stay is based upon § 362(d)(1) and (2). Section 362(d)(1) allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *Westco*:

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause". What

4

> constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

*Westco*, 18 Mont. B.R. at 211-12.

Once a party seeking relief first establishes a prima facie case that cause exists for relief under § 362(d)(1), the burden shifts to the Debtors to show that relief from the stay is not warranted. *In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC, (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996).

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Lack of adequate protection is one example of cause for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985); *In re Avila,* 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004). An equity cushion may provide adequate protection even though not a single mortgage payment has been made. *Avila,* 311 B.R. at 83; *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir.1984). In *Avila* the court found the mortgagee was adequately protected by an equity cushion of 40%. *Avila*, 311 B.R. at 83. The court noted that "[w]here a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic

harm to the creditor would result, relief from stay should not automatically follow a default in payment." *Avila,* 311 B.R. at 84; *see In re McCollum*, 76 B.R. 797, 799 (Bankr. D. Or.1987).

In the instant case an admitted default in making mortgage payments exists. William admitted that he is no longer making mortgage payments to Glacier Bank, and will not until the property is sold. However, the real estate market is extremely slow, and Leininger testified that the property will likely have to be marketed for the full plan term in order to realize the maximum sale value.

The burden of proof, therefore, is on the Debtors to show that relief from the stay should not be granted. Debtors failed to offer valuation testimony by a licensed appraiser. When considering the range of value offered by Leininger, the Court notes that the total of liens and taxes owing on the Debtors' home, without counting interest on the taxes or second mortgage, is $637,438.25. That figure already exceeds the lower end of Leininger's range of values ($615,000). Leininger's 6% commission on a $655,000 sale would equal $39,300, and closing costs would equal another $6,550, and therefore the evidence shows that a $655,000 sale would not pay the mortgages and property taxes, commission, and closing costs, even without taking into account accruing interest on the mortgages and taxes during the term of the plan.

In this district debtors may "cure-by-sale" of a residence to satisfy the confirmation requirements of 11 U.S.C. § 1322(b)(3), (b)(5)[1] & (c)(1). *In re Siegfried*, 16 Mont. B.R. 289, 301 (Bankr. D. Mont. 1997). *In re Murphy-Reiner*, 19 Mont. B.R. 141, 143-44 (D. Mont. 2001). However, in the instant case, based upon the Debtors' admission of post-petition default, the

---

[1] "[A] plan may provide for the curing of a default within a reasonable time. § 1322(b)(5)." *In re Dunn*, 399 B.R. 909, 911 (Bankr. W.D. Wash. 2009).

depressed state of the Flathead real estate market, the amount of liens against the Debtors' home accruing interest, compared with the evidence of its value, and the Trustee's consent to Glacier Bank's motion to modify stay, the Court in its exercise of discretion overruled the Debtors' objection and granted Glacier Bank's motion at the hearing.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling Debtors' objection (Dkt. 29) and granting the motion to modify stay filed by Glacier Bank on June 20, 2010 (Dkt. 20).

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana